

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re:

DANA KEOLAOKALANI KAILI,

Debtor.

Case No.: 21-00625
Chapter 13

Related: ECF 30

## ORDER REGARDING TRUSTEE'S MOTION TO RECONSIDER AND DISALLOW CLAIM

The standing chapter 13 trustee moves under 11 U.S.C. § 502(j) and

Fed. R. Bankr. P. 3008 and 9006 to reconsider and disallow an allowed

claim held by FinWise Bank ("Creditor").

The trustee states that all distributions mailed to the address on the

Creditor's proof of claim were returned as undeliverable, and that the

Creditor has not provided a corrected address despite multiple requests.

1

U.S. Bankruptcy Court - Hawaii  #21-00625  Dkt # 36  Filed  05/06/26  Page 1 of 5

On November 17, 2025, the trustee instructed the Creditor to file corrected change-of-address forms within 30 days and stated that failure to comply would result in a section 502(j) motion or deposit of the undeliverable amounts into the court's unclaimed funds registry. The Creditor did not file a corrected address. The trustee now seeks disallowance so the accumulated funds may be distributed to other creditors.

The trustee has chosen an inapplicable procedural basis for his request. If a creditor files a proof of claim, the claim is "deemed allowed" unless a party in interest objects to the claim.[1] If a party files an objection, the court must determine the amount of the claim under applicable nonbankruptcy law and allow the claim in that amount unless certain exceptions apply.[2] In other words, the bankruptcy court does not have unfettered discretion to disallow claims based on generalized notions of equity.

If the trustee had filed an objection to the claim, the trustee would

---

[1] 11 U.S.C. § 502(a).
[2] 11 U.S.C. § 502(b).

2

U.S. Bankruptcy Court - Hawaii  #21-00625  Dkt # 36  Filed  05/06/26  Page 2 of 5

have lost. Section 502(b) provides the exclusive grounds for disallowance, and a creditor's failure to update its mailing address is not among them. A creditor's failure to provide an updated mailing address does not invalidate the creditor's claim under applicable nonbankruptcy law and does not invoke any of the statutory exceptions to allowance.

But the trustee did not file an objection to the claim. Instead, he filed a motion for reconsideration of the allowance of the claim. This position is based on the premise that the trustee seeks "reconsideration" of the "deemed allow[ance]" of the claim. This position arguably benefits the trustee because section 502(j) provides that, if the court finds "cause" to reconsider the claim, "the reconsidered claim may be allowed or disallowed according to the equities of the case." The trustee suggests that this language gives the court broad discretion to disallow the claim on any equitable ground.

Read carefully, section 502(j) does not apply to a claim that is only "deemed allowed." The section speaks of "reconsideration" of a claim. But a claim is deemed allowed simply by being filed, without any court review

3

U.S. Bankruptcy Court - Hawaii   #21-00625   Dkt # 36   Filed  05/06/26   Page 3 of 5

or consideration. It makes no sense to "reconsider" a claim that the court has never "considered" in the first place.

Rule 3008, which implements section 502(j), makes this clear. The rule authorizes parties in interest to "move to reconsider an order allowing or disallowing a claim."[3] Because there is no order allowing the Creditor's claim, there is nothing to reconsider under section 502(j) or Rule 3008.

Allowing Rule 3008 to disallow a "deemed allowed" claim would make irrelevant the carefully drawn provisions of section 502(b). Parties in interest could always argue that the court should disallow a "deemed allowed" claims on equitable grounds, even though none of the exceptions of section 502(b) apply.

The trustee's frustration with the Creditor's unresponsiveness is understandable. But Congress has provided a specific mechanism for undeliverable distributions. Under section 347(a), when a distribution cannot be delivered, the trustee must deposit the returned payments into the court's unclaimed funds registry. These funds do not escheat and

---

[3] Fed. R. Bankr. P. 3008.

4

U.S. Bankruptcy Court - Hawaii  #21-00625  Dkt # 36  Filed  05/06/26  Page 4 of 5

remain available indefinitely for the creditor to claim.[4] Unless and until

Congress enacts a different statutory scheme, this is the sole remedy for a

creditor's failure to provide a current address for distributions.

Because section 502(j) and Rule 3008 do not apply in the absence of

an order, and because the Creditor's failure to update its address does not

render its claim unenforceable or otherwise disallowable under section

502(b), the trustee's Motion to Reconsider and Disallow Claim is DENIED.

The trustee shall deposit any undeliverable distributions into the

court's unclaimed funds registry pursuant to section 347(a).

**END OF ORDER**

---

[4] 28 U.S.C. § 2041 provides for the deposit of unclaimed funds "in the name and to the credit" of the court. No money deposited under section 2041 can be withdrawn except by order of court. 28 U.S.C. § 2042.

5

U.S. Bankruptcy Court - Hawaii  #21-00625  Dkt # 36  Filed  05/06/26  Page 5 of 5